1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                             ----oo0oo----

11

12   STEPHEN WANDERER, as an           Case No. 2:18-cv-02898 WBS-DB
     individual and in his
13   representative capacity,          MEMORANDUM AND ORDER RE:
                                       JOINT MOTION TO APPROVE
14             Plaintiff,              SETTLEMENT OF AND DISMISS
                                       CLAIM UNDER THE PRIVATE
15        v.                           ATTORNEYS' GENERAL ACT

16   KIEWIT INFRASTRUCTURE WEST CO.;
     and DOES 1 through 25,
17   inclusive,

18             Defendants.

19

20                             ----oo0oo----

21            Plaintiff Stephen Wanderer ("Plaintiff"), individually

22   and in a representative capacity, brought this lawsuit against

23   Defendant Kiewit Infrastructure West Co. ("Defendant") alleging

24   wrongful termination, retaliation in violation of California

25   Labor Code §§ 1102.5 and 98.6, violations of wage and hour laws,

26   and seeking civil penalties under the Private Attorneys' General

27   Act ("PAGA") based on the alleged misclassification of plaintiff

28   and other employees as exempt from overtime.  (First Am. Compl.

                                      1

1  "FAC") (Docket No. 10).)  Before the court is the parties' Joint

2  Motion to Approve of Settlement and to Dismiss Plaintiff's Claim

3  under the PAGA.  ("Joint Mot. for Settlement") (Docket No. 28.)

4  I.   Factual and Procedural Background

5          Defendant Kiewit is a construction company incorporated

6  under the laws of the State of Delaware and with its "nerve

7  center" located in the State of Nebraska.  (Notice of Removal

8  ("NOR") (Docket No. 1 at ¶¶ 12-13).)  Defendant employed

9  plaintiff as a Site Safety and Health Officer ("SSHO") at various

10  locations within California, including the Oroville Dam, the

11  Folsom Dam, and Kiewit's Fairfield Office, from on or around

12  September 15, 2013 until May 12, 2018.  (FAC at ¶¶ 6-12.)

13          On July 5, 2018, plaintiff sent defendant a letter

14  stating that he intended to pursue a PAGA claim based on

15  defendant allegedly misclassifying him as exempt from overtime.

16  (See Mem. of Points and Authorities in Supp. of Joint Mot. to

17  Approve Settlement and to Dismiss Claim under the PAGA

18  ("Settlement Mem.") at 1 (Docket No. 29).)  Plaintiff submitted

19  the same letter ("PAGA Letter") to the California Labor Workforce

20  Development Agency ("LWDA").  (See Settlement Mem. at 1.)  The

21  LWDA did not respond to the PAGA Letter.  (Id.)

22          The operative complaint asserts eight causes of action:

23  (1) wrongful termination in violation of public policy; (2)

24  retaliation in violation of California Labor Code §§ 1102.5 and

25  98.6; (3) violation of California Labor Code § 201; (4) failure

26  to pay overtime wages in violation of California Labor Code §

27  510; (5) violation of California Labor Code § 1174; (6) violation

28  of California Labor Code § 226(a); (7) civil penalties under PAGA

2

1    for violations of the above Labor Code provisions; and (8) unfair

2    competition in violation of Business and Professions Code §

3    17200.  (See FAC at 4-13.)

4           After exchanging extensive discovery, the parties

5    reached a settlement through the court's Voluntary Dispute

6    Resolution Program with Douglas Robert Thorn of Thorn Law Firm.

7    (See Settlement Mem. at 2.)  Mr. Thorn has practiced law for over

8    thirty years, had extensive trial experience, and has served as a

9    neutral in over 200 cases, including employment cases.  (See id.

10   at 3.)

11          Pursuant to the settlement agreement, the parties

12   agreed to settle plaintiff's individual claims, without admission

13   of fault or liability, for a general release and dismissal upon

14   the Court's approval of the parties' settlement as to the PAGA

15   claim.  (See id. at 2.)  The parties entered into a separate

16   confidential settlement related to plaintiff's other claims.

17   (See id.)  The parties settled plaintiff's individual claims

18   only,[1] and the PAGA Settlement Agreement does not release any

19   claim on behalf of any other allegedly affected employee.  (See

20   id.)  The settlement of plaintiff's claims is contingent on the

21   court issuing a final Order which approves the settlement

22   agreement, dismisses the action (including plaintiff's PAGA

23   Claim) with prejudice as to the plaintiff and without prejudice

24   as to other allegedly affected employees, and denies an award of

25   civil penalties to the plaintiff.  (See id.)

26

27          [1] The parties have not given any indication as to the amount
     that plaintiff and plaintiff's counsel will receive in the
28   settlement of the individual claims.

3

1    II.   Discussion

2          A.   PAGA Settlement

3          "[A] PAGA action is a statutory action in which the

4    penalties available are measured by the number of Labor Code

5    violations committed by the employer."   Sakkab v. Luxottica

6    Retail N. Am., Inc., 804 F.3d 425, 435 (9th Cir. 2015).   The

7    employees bringing the action do so as agents or proxies of the

8    state's labor law enforcement agencies.   See id.   Any agreement

9    to waive PAGA claims is an agreement to limit the penalties

10   plaintiff-employees may recover on behalf of the State.   See id.

11   at 436.   Because a settlement of PAGA claims settles claims that

12   could otherwise be brought by the State, the trial court must

13   "review and approve" any settlement of PAGA claims.   See Cal.

14   Lab. Code. § 2669(I)(2).   Before the trial court can review and

15   approve of any settlement of PAGA claims, "[t]he proposed

16   settlement shall be submitted to the [LWDA] at the same time that

17   it is submitted to the court."   Id.   Plaintiff provided a copy of

18   the proposed settlement agreement to the LWDA on July 15, 2020,

19   concurrently with the filing of the Joint Mot. for Settlement.[2]

20   (Decl. of Rachel Renno in Supp. of Joint Mot. for Settlement at ¶

21   2 ("Renno Decl.") (Docket No. 30)).

22         The trial court, in reviewing the award of civil

23   penalties under the PAGA, may exercise its discretion to lower

24   the amount of penalties awarded if "to do otherwise would result

25   in an award that is unjust, arbitrary and oppressive, or

26   confiscatory."   See Cal. Lab. Code § 2699(e)(2).   Because State

27   _____

28         [2] The LWDA has not appeared in this case and has not filed
     any objection to the proposed joint settlement.

law enforcement agencies are the real parties in interest, the court's task is to ensure that the State's interest in enforcing the law is upheld.  See Rodriguez v. RCO Reforesting Inc., No. 2:16-cv-2523 WBS DMC, 2019 WL 331159, at *3 (E.D. Cal Jan. 24, 2019) (citing Sakkab, 803 F.3d at 435).

Other than the provisions previously discussed, "PAGA does not establish a standard for evaluating PAGA settlements." See Rodriguez, 2019 WL 331159 at *4 (citing Smith v. H.F.D. No. 55, Inc., No. 2:15-CV-01293 KJM KJN, 2018 WL 1899912, at *2 (E.D. Cal. Apr. 20, 2018)). The LWDA itself has stated that it is not aware of any existing case law definitively establishing a standard to review PAGA settlements.  Id. (citing Ramirez v. Benito Valley Farms, LLC, No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017)).  At least a few district courts have applied the factors in Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998), to evaluate a PAGA settlement.  See, e.g., Smith, 2018 WL 1899912, at *2; Ramirez, 2017 WL 3670794, at *3; O'Connor v. Uber Techs., 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016).  The Hanlon factors, which are traditionally used to evaluate class action settlements, include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the expertise and views of counsel; (7) the presence of government participation; and (8) the reaction of class members to the proposed settlement.  See Hanlon, 150 F.3d at 1026.  "Many of these factors are not unique to class action lawsuits and bear on

1  whether a settlement is fair and has been reached through an

2  adequate adversarial process." See Ramirez, 2017 WL 3670794, at

3  *3.  Thus, the court finds these factors useful in evaluating a

4  settlement of PAGA claims.

5         The third, seventh, and eighth factors, however, are

6  not relevant to this settlement because it is not a class action

7  and the LWDA has not participated.  See Smith, 2018 WL 1899912,

8  at *2 (holding that these factors were inapplicable in a PAGA

9  settlement that was not a class action, which resolved only the

10  plaintiff's individual PAGA claims, and where the LWDA had filed

11  no submission reflecting a position on the settlement.)  In

12  addition to analyzing the settlement under the five remaining

13  Hanlon factors, the court must determine whether the settlement

14  would be "unjust, arbitrary and oppressive, or confiscatory" with

15  respect to defendant, see Cal. Lab. Code § 2699(e)(2), and

16  whether "the settlement provisions are at least as effective as

17  the protections or remedies provided by state and federal law or

18  regulation for the alleged violation."  See Cal. Lab. Code §

19  2699.3(b)(4).

20         First, there is no indication that the settlement would

21  be unjust, arbitrary and oppressive, or confiscatory as to

22  defendants.  Both sides have agreed that the settlement is fair

23  and reasonable.  (See Settlement Mem. at 4.)  Defendant has given

24  no indication that the settlement would be unduly burdensome or

25  unjust.  Based on the exchange of substantial information and Mr.

26  Thorn's recommendation, both sides have agreed to allocate zero

27  dollars to plaintiff's individual PAGA claim.  (See id. at 3.)

28  Plaintiff voluntarily entered into an agreement to accept a

monetary benefit to settle his individual claims and not pursue his PAGA claim.  (See id. at 4.)  Given that both sides have agreed to the settlement and to avoid the further expense of litigation, and the Settlement Agreement does not release any claim on behalf of any other allegedly affected employee, the court concludes that a settlement would not be "unjust, arbitrary and oppressive, or confiscatory."  See Rodriguez, 2019 WL 331159, at *4.

Second, the "strength of plaintiff's case" factor also favors approval of settlement.  The parties exchanged substantial information at mediation, and the parties' mediator, Mr. Thorn, concluded that the defendant presented compelling evidence and arguments that it properly classified plaintiff as exempt under California's administrative exemption.  (See Settlement Mem. at 3.)  Mr. Thorn likewise concluded that defendant raised a convincing argument that plaintiff did not comply with PAGA's administrative requirement because his PAGA letter referred only to plaintiff and did not place the LWDA or defendant on notice of his intention to pursue a representative claim.  (See id. at 3.); see Khan v. Dunn-Edwards Corp., 19 Cal. App. 5th 804, 809 (2nd Dist. 2018) (affirming summary judgment for defendant where notice "expressly applied only to [plaintiff]" and failed to give the LWDA an adequate opportunity to decide whether to investigate a representative action or provide the company an adequate opportunity to respond to the agency.).)  These defenses present a substantial risk to plaintiff's PAGA Claim and the likelihood that the penalties sought by the plaintiff, either in whole or in part, will not be awarded.  Courts have noted that legal

1    uncertainty favors approval of a settlement.  See Smith, 2018 WL

2    1899912, at *3.

3         Third, "the risk, expense, complexity, and likely

4    duration of further litigation" factor strongly favors approval

5    of the settlement.  The parties reached this settlement after

6    nearly two years of litigation.  The parties have conducted

7    extensive investigation, discovery, and arms-length negotiation

8    between experienced and informed counsel and with the assistance

9    of a seasoned and well-respected mediator.  (See Settlement Mem.

10   at 3.)  Further litigation would necessitate further expenses and

11   costs for both parties.  Where a settlement "provides timely,

12   certain, and meaningful recovery," it ought to be favored.  See

13   Ramirez, 2017 WL 3670794, at *5.

14        Fourth, the settlement reflects the parties' mutual

15   agreement to allocate zero dollars to plaintiff's individual PAGA

16   claim.  (See Settlement Mem. at 3.)  The parties arrived at this

17   claim based on the exchange of substantial information,

18   Defendant's anticipated defenses and Mr. Thorn's recommendation.

19   (Id.)  Plaintiff voluntarily entered into an agreement to accept

20   a monetary benefit to settle his individual claims and not pursue

21   his PAGA claim.  (Id. at 4.)  Courts have previously approved

22   settlements where parties mutually agree to allocate zero dollars

23   or another nominal amount to a PAGA claim.  See Nordstrom Comm'n

24   Cases, 186 Cal. App. 4th 576, 589 (4th Dist. 2010)(holding that

25   there was "no abuse of discretion in the trial court's approval

26   of the settlement agreement" which allocated zero dollars for

27   PAGA penalty claims as part of the overall settlement of the

28   case.); see also Alcala v. Meyer Logistics, Inc., No. CV 17-7211

1  PSG(AGRx), 2019 WL 4452961, at *9 (C.D. Cal. June 17, 2019)

2  (observing that courts have approved PAGA claims which fall

3  "within the zero to two percent range.")  Moreover, plaintiff's

4  settlement does not impair the rights or release the claims of

5  other allegedly aggrieved employees.  (See Settlement Mem. at 4.)

6  Accordingly, "the amount offered in settlement" factor favors

7  approval.

8        Fifth, regarding the extent of discovery completed and

9  the stage of the proceedings, the parties conducted informal and

10 formal investigation and discovery into plaintiff's claims.  (See

11 id. at 3.)  The parties engaged in written discovery, including

12 requests for production, requests for admission, and

13 interrogatories.  (Decl. of Billie D. Wenter in Supp. of Joint

14 Mot. for Settlement at ¶ 2("Wenter Decl.") (Docket No. 31).).

15 Defendant produced over 12,000 pages in response to requests for

16 production.  Id.  In addition, defendant deposed plaintiff on

17 February 11, 2020.  Id.  Moreover, on June 30, 2020, the parties

18 mediated the action through the court's Voluntary Dispute

19 Resolution Program with Mr. Thorn.  (See Settlement Mem. at 2.)

20 Both sides thereby developed a good sense of the risks and

21 benefits of continuing litigation.  See Ontiveros v. Zamora, 303

22 F.R.D. 356, 371 (E.D. Cal. 2014) (Shubb, J.)(observing that the

23 parties use of mediation, which took place after significant

24 discovery, and their reliance on the mediator's proposal

25 demonstrated that they had carefully considered and evaluated the

26 strength of their arguments.)  Accordingly, this factor weighs in

27 favor of approval.

28        Sixth, with respect to the experience and views of

9

1    counsel, plaintiff was represented by experienced counsel who
2    arrived at this Settlement Agreement through arms-length
3    negotiations and by participating in mediation through the
4    court's Voluntary Dispute Resolution Program with the assistance
5    of Mr. Thorn.  (See Settlement Mem. at 1.)  Plaintiff's counsel
6    believes that the dismissal of the PAGA claim appropriately
7    accounts for the challenges and potential risks of continuing
8    litigation.  (See id.)  Thus, counsel's conclusion that this
9    settlement is plaintiffs' best chance at recovery is given
10   considerable weight.  See Rodriguez, 2019 WL 331159 at *5.
11   Accordingly, this factor weighs in favor of approval.

12        Seventh, and finally, this settlement is "at least as
13   effective as the protections or remedies provided by state and
14   federal law or regulation for the alleged violation."  See Cal.
15   Lab. Code § 2699.3(b)(4).  As mentioned previously, this
16   settlement resolves only plaintiff's individual claims for civil
17   penalties; it is not a class settlement and therefore does not
18   impair the rights or release the claims of any other allegedly
19   aggrieved employees.  (See Settlement Mem. at 1.)  Here, Mr.
20   Thorn concluded that plaintiff was properly classified as an
21   employee exempt from overtime under California's administrative
22   exemption.  (Id. at 3); See 8 Cal. Code Regs. § 11040(1)(A)(2).
23   "Given the statutory language [of PAGA], a plaintiff cannot
24   recover on behalf of individuals whom the plaintiff has not
25   proven suffered a violation of the Labor Code by the defendant."
26   Cardenas v. McLane Foodservice, Inc., No. SACV 10-473 DOC (FFMx),
27   2011 WL 379413 at *3 (C.D. Cal. 2011).  The plaintiff has not
28   demonstrated the violation of the Labor Code by defendant for any

1   additional employees and may not even be able to demonstrate a

2   violation of the Labor Code by defendant in his own case.  The

3   court, therefore, finds that the settlement satisfies this

4   provision of the California Labor Code.

5          Accordingly, because every relevant factor favors final

6   approval of the settlement, the court will approve the parties'

7   settlement of plaintiff's PAGA claims.

8          B. Attorneys' Fees

9          PAGA provides for the recovery of attorneys' fees and

10  costs in any successful action.  See Cal. Lab. Code § 2699(g)(1)

11  ("Any employee who prevails in any action shall be entitled to an

12  award of reasonable attorney's fees and costs.").  Here, the

13  parties have agreed to bear their own attorneys' fees and costs

14  related to this action, and plaintiff's counsel waives any and

15  all rights to further attorneys' fees and costs in connection

16  with this action, except as separately agreed upon between

17  plaintiff and plaintiff's counsel.  See Stipulated Settlement

18  Agreement (Docket No. 31-1 at 4.)  The parties have also agreed

19  to a mutual waiver of any right to pursue recovery of costs.

20  (See Settlement Mem. at 4.)  As plaintiff has not prevailed on

21  any PAGA claim, he is not entitled to any attorney's fees under

22  PAGA.  Accordingly, the court approves of the joint decision by

23  the parties to bear their own attorney's fees and waive their

24  rights to pursue recovery of costs.

25          IT IS THEREFORE ORDERED that the parties' Joint Mot.

26  for Settlement (Docket No. 28) be, and the same hereby is,

27  GRANTED.  Plaintiff is not entitled to any civil penalties under

28  PAGA.  This action, including plaintiff's PAGA Claim, is

11

DISMISSED WITH PREJUDICE as to plaintiff, and DISMISSED WITHOUT

PREJUDICE as to any individual or representative claims,

including any PAGA claim, that may be brought by any other

employees that may have been affected by defendant's alleged

conduct.

          The Clerk of Court is instructed to enter judgment

accordingly.

Dated:  August 28, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12